**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ASSOCIATED EYE CARE, LTD., a Minnesota corporation,**

Plaintiff,

v.

**FIRST INSIGHT CORPORATION, an Oregon corporation,**

Defendant.

Civil No. 00-1547 (RHK/JGL)

**REPORT AND RECOMMENDATION**

---

APPEARANCES

Lora Esch Mitchell, Esq., on behalf of Plaintiff.

Richard L. Baum, Esq., by telephone, and James K. Langdon, II, Esq., on behalf of Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on May 10, 2001, on Plaintiff's Motion to Enforce Settlement Agreement (Doc. No. 14). The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED MAY 2 1 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

Defendant First Insight is the maker of the MaximEyes, a software program designed to coordinate various aspects of eye care services. Plaintiff Associated Eye Care, Ltd. ("AEC") purchased a license to use this software program from Defendant for $120,200 in November 1998. Plaintiff contends that the software never performed as warranted, which caused Plaintiff to lose critical data and income. Plaintiff demanded a full refund from Defendant, giving rise to the current dispute.

In March 2000, the parties began settlement discussions that lasted several months. On September 1, 2000, Plaintiffs proposed a settlement by which Defendant would pay Plaintiff $95,000, where $50,000 would be paid upon execution of the agreement and the remaining $45,000 would be paid upon return of the software. (Pl.'s Mem. Supp. Mot. Enforce Settlement Agreement Ex. E at 2.) On October 16, 2000, Defendant responded to Plaintiff's proposal. In that letter, Defendant "reluctantly agree[ed] to the $95,000 settlement amount proposed in your September 1, 2000 letter, subject to the conditions set forth in my prior correspondence." (Id. Ex. G at 1.) However, in the following paragraph, Defendant set forth the condition of payment, stating that "First Insight will not tender any settlement payment until Associated Eye Care has removed the Software from its systems and returned all First Insight materials to First Insight." (Id.) Defendant

made it clear in this letter that they considered the timing of payment to be a material term of settlement. Plaintiff countered on October 20, 2000 for the full $95,000 to be placed in escrow. Then on January 29, 2001 Plaintiff accepted the terms proposed by Defendant in its October 16, 2000 letter, and Plaintiff's counsel stated that she was "hopeful that we can reach agreement and put this matter behind us." (Id. Ex. H at 1.) Defendant did not respond to the January 29, 2001 letter, nor did Defendant sign the proposed written settlement agreement and release.

## II. ANALYSIS

Settlements are highly favored and should be enforced whenever possible. See Rhein Med., Inc. v. Koehler, 889 F. Supp. 1511, 1516 (M.D. Fla. 1995). The judicial policy favoring settlement rests on the opportunity to conserve judicial resources. See Stewart v. M.D.F., Inc., 83 F.3d 247, 253 (8th Cir. 1996).

However, settlement agreements are governed by the basic principles of contract law. See Sheng v. Starkey Labs., Inc., 53 F.3d 192, 194 (8th Cir. 1995). In diversity actions, the contract law of the forum state is applied in determining whether the parties reached a settlement. See Rhein, 889 F. Supp. at 1516. In order to form a contract, the parties must mutually agree to all material terms. See Ryan v. Ryan, 193 N.W.2d 295, 297 (Minn. 1971). A settlement agreement requires offer and acceptance, demonstrating that the parties have had a meeting of the minds on the essential terms of the agreement. See id. Furthermore,

"[p]reliminary negotiations between parties who have in mind the execution of a formal written contract can not themselves be construed as constituting the contract." A.E. Staley Mfg. Co. v. Northern Coop., Inc., 168 F.2d 892, 895 (8th Cir. 1948).

A party's rejection of an offer terminates that offer, which cannot be subsequently accepted without ratification by the other party. See Nodland v. Chirpich, 240 N.W.2d 513, 515 (Minn. 1976). Additionally, a counter-offer terminates the power to accept the previously-made offer in the negotiation. See A.E. Staley Mfg. Co, 168 F.2d at 895.

It appears to this Court that the parties did not reach a settlement. The Court construes Defendant's counsel's letter of October 16, 2000 as a counter-offer, which Plaintiff rejected when its counsel made a counter-offer on October 20, 2000. Thus, the Court finds that there was no meeting of the minds, and no enforceable settlement agreement. Therefore, Plaintiff's motion should be denied.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Enforce Settlement Agreement (Doc. No. 14) be **DENIED.**

Dated: May 21, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by June 8, 2001, a writing which specifically identifies those portions of this Report to which objections are being made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.